```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
─────────────────────────────────────

**INTERSTATE FOODS, INC.,**

                **Plaintiff,**           **06 Civ. 13469 (JGK)**

     - against -                      **MEMORANDUM OPINION
                                                       AND ORDER**

**JEFFREY LEHMANN,**

                **Defendant.**

─────────────────────────────────────

**JOHN G. KOELTL, District Judge:**

    This is the third motion for summary judgment in this case. The plaintiff, Interstate Foods, Inc. ("Interstate") seeks to hold the defendant Jeffrey Lehmann ("Lehmann") personally liable for debts incurred by Lehmann Meats, Inc. ("Lehmann Meats") to Interstate. The plaintiff seeks damages in the amount of $60,564.94 for alleged fraud relating to the delivery of three dishonored checks issued by Lehmann Meats. On October 25, 2006, the plaintiff filed an action in New York State Court to recover the amount of the checks, and damages of $284,488.71 based on a claim of "deepening insolvency." The case was removed to this Court on November 21, 2006.

    The plaintiff filed a Second Amended Complaint with two Causes of Action. The First Cause of Action seeks $60,564.94 in damages for fraud in the delivery of the three dishonored checks; the Second Cause of Action sought damages for deepening insolvency in an amount to be determined at trial. This Court

has previously granted summary judgment dismissing the Second Cause of Action for deepening insolvency. See Interstate Foods, Inc. v. Lehmann, No. 06 Civ. 13469, 2008 WL 4443850, at *6 (S.D.N.Y. Sept. 30, 2008). Following discovery, Lehmann now moves for summary judgment pursuant to Federal Rule of Civil Procedure 56(b), dismissing the First Cause of Action for fraud in the delivery of the dishonored checks.

I

The standard for granting summary judgment is well established. Summary judgment may not be granted unless "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Gallo v. Prudential Residential Servs. Ltd. P'ship, 22 F.3d 1219, 1223 (2d Cir. 1994). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." Gallo, 22 F.3d at 1224. The moving party bears the initial burden of "informing the district court of the basis for its

motion" and identifying the matter that "it believes demonstrate[s] the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. The substantive law governing the case will identify those facts which are material and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)); see also Gallo, 22 F.3d at 1223. If the moving party meets its burden, the burden shifts to the nonmoving party to come forward with "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). Summary judgment is improper if there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party. See Chambers v. TRM Copy Ctrs. Corp., 43 F.3d 29, 37 (2d Cir. 1994).

II

The following facts are undisputed, except where noted. Interstate supplies meat products to wholesalers. (Sec. Am.

Compl. ¶¶ 1, 6.) Lehmann was the president of Lehmann Meats, a wholesale seller and distributor of meat products.(Defendant's Rule 56.1 Statement of Undisputed Material Facts ("Deft.'s 56.1 Stmt.") ¶ 2; Plaintiff's Rule 56.1 Counterstatement of Material Facts ("Pl.'s 56.1 Stmt.") ¶ 2; Sec. Am. Compl. ¶¶ 2-4.) Interstate regularly supplied Lehmann Meats with meat products. (Sec. Am. Compl. ¶ 7.) On or about August 24, 2006, three checks totaling $60,564.94 were drawn on the account of and on behalf of Lehmann Meats, signed "Jeffrey Lehmann, Pres.," and made payable to Interstate. (Deft.'s 56.1 Stmt. ¶¶ 4-6; Pl.'s 56.1 Stmt. ¶¶ 4-6.) All three checks were dishonored upon presentment due to insufficient funds. (Deft.'s 56.1 Stmt. ¶ 4; Pl.'s 56.1 Stmt. ¶ 4.) The checks were issued in accordance with the standard business practice of Lehmann Meats. (Deft.'s 56.1 Stmt. ¶ 7; Pl.'s 56.1 Stmt. ¶ 7; Lehmann Reply Decl. ¶ 2, July 26, 2007; Ostrove Decl. Ex. A at 10:6-16, May 13, 2009.) The three checks were not physically signed by Lehmann, but were issued with Lehmann's signature stamp by someone in Lehmann Meats' finance department. (Deft.'s 56.1. Stmt. ¶ 8;  Pl.'s 56.1. Stmt. ¶ 8; Lehmann Reply Decl. ¶ 2; Ostrove Decl. Ex. A at 25:10-18, 26:2-11.)

Lehmann Meats eventually ceased operations and subsequently executed and delivered Deeds of Assignment for the Benefit of Creditors on September 8, 2006. (Deft.'s 56.1 Stmt. ¶ 11; Pl.'s

4

56.1 Stmt. ¶ 11.) The Assignment proceeding is currently pending in the Superior Court of New Jersey, Bergen County, Chancery Division, Probate Part. (Deft.'s 56.1 Stmt. ¶ 13; Pl.'s 56.1 Stmt. ¶ 13.)

III

The defendant now moves for summary judgment dismissing the fraud claim. The parties agree that New York law applies to the fraud claim and the Court can accept that agreement. See Powe v. Cambium Learning, Co., No. 08 Civ. 1963, 2009 WL 2001440, at *4 (S.D.N.Y. 2009)(citing Leadsinger, Inc. v. Cole, No. 05 Civ. 5606, 2006 WL 2320544, at *9 n. 4 (S.D.N.Y. Aug. 10, 2006) ("The parties, by citing New York law only, implicitly agree that New York law governs the claims . . . .")). The plaintiff claims that Lehmann personally defrauded the plaintiff because he was responsible for the three checks at a time when he knew that there were insufficient funds to pay the checks. (Sec. Am. Compl. ¶¶ 11-20.) The Court previously denied summary judgment on this claim to allow the parties to engage in discovery. See Interstate Foods, 2008 WL 4443850, at *4. The Court identified the following issues of fact which remained in dispute:(1) Lehmann's actual involvement in the issuance of the checks, (2) to what extent Lehmann knew that the checks would be dishonored, and (3) whether the plaintiff's delivery of additional meat

products to Lehmann Meats was made in reliance on the dishonored checks. Id. at *3-4. That discovery is now complete, and the plaintiff has failed to adduce any evidence that the defendant was personally involved in the issuance of the three checks in this case.

A

As this Court has explained previously, under New York law a corporate officer generally cannot be held personally liable for the debts of a corporation. There is an exception if a corporate officer is personally involved in a fraud. See Marine Midland Bank v. John E. Russo Produce Co., 405 N.E.2d 205 (N.Y. 1980); Polonetsky v. Better Homes Depot., Inc., 760 N.E.2d 1274, 1278 (N.Y. 2001). The elements of fraud are (i) a representation of material fact; (ii) falsity; (iii) scienter; (iv) reasonable reliance; and (v) injury. Wells Fargo Bank Northwest, N.A. v. Taca Int'l Airlines, S.A., 247 F.Supp.2d 352, 364 (S.D.N.Y. 2002)(citation omitted).

In this case, a representation of fact was made when the checks were issued to Interstate because "the act of drawing and delivering a check amounts to a representation that the drawer keeps an account with the drawee and that there are sufficient funds on deposit to meet it." See A. Sam & Sons Produce Co. v. Campese, 217 N.Y.S.2d 275, 277 (App.Div. 1961). However, in order to hold Lehmann individually liable for this

misrepresentation, the plaintiff must establish that Lehmann "personally participated in or had actual knowledge of the issuance of bad checks." Prudential-Bache Metal Co., Inc. v. Binder, 504 N.Y.S.2d 646, 648 (App.Div. 1986)(citation omitted). Furthermore, "[m]ere negligent failure to acquire knowledge of the falsehood is insufficient" to establish that the defendant had actual knowledge of the alleged fraud. Marine Midland Bank v. John E. Russo Produce Co., 405 N.E.2d 205, 212 (N.Y. 1980).

B

The plaintiff offers no evidence that Lehmann was personally involved in the issuance of the checks. The facts produced through discovery reveal that none of the three checks in this case were either prepared or signed personally by Lehmann, nor did he have actual knowledge of their issuance. The defendant has sworn in his deposition testimony that he was not personally involved in the issuance of the checks and swears that the signature is a facsimile signature that was stamped on the checks by someone in the finance department. (Ostrove Decl. Ex. A at 25:10-19.) Furthermore, the defendant has sworn that he did not review the issuance of such checks, and did not receive summaries of the checks that were written. (Ostrove Decl. Ex. A at 25:20-25, 26:2-11.) The plaintiff offers no evidence to the contrary.

The plaintiff does not dispute that the checks were issued in accordance with the standard business practice of Lehmann Meats and does not deny that the checks contained Lehmann's signature stamp. (Pl.'s 56.1 Stmt. ¶¶ 7-8.) In responding to the statement of undisputed facts, the plaintiff states that the check was stamped with Lehmann's signature stamp, but that this "constitutes a valid signature." (Pl.'s 56.1 Stmt. ¶ 8.) Although a stamp could fall under the statutory definition of a "signature" according to Article 3 of the New York Uniform Commercial Code, that does not change the outcome of the Court's analysis under a claim for fraud. See N.Y. U.C.C. § 3-401(2)("A signature is made by use of any name . . . or by any word or mark used in lieu of a written signature."); see also N.Y. Genr. Constr. Law § 46 ("The term signature includes any memorandum, mark or sign, written, printed, stamped . . . or otherwise placed upon any instrument or writing with intent to execute or authenticate such instrument or writing."). There is no evidence that Lehmann affixed the signature stamp or knew that it was being affixed. The plaintiff does not attempt to hold Lehmann Meats liable for the checks signed by its agent, but rather to hold Lehmann personally liable for the checks. The plaintiff has sought to do that by alleging fraud by Lehmann, but it can only succeed if Lehmann was personally involved in the fraud, irrespective of whether his signature stamp was sufficient to

8

establish that the checks were validly signed on behalf of Lehmann Meats.

The plaintiff's reliance on Lippman Packing Corp. v. Rose, 120 N.Y.S.2d 461 (N.Y. Mun. Ct. 1953), and other similar cases in making its fraud claim, fails to recognize that in those cases corporate officers were held liable for fraud only where the officers issued, drew, or delivered the check personally. See, e.g., Societe Generale Alsacienne De Banque, Zurich v. Flemingdon Development Corp., 500 N.Y.S.2d 278 (App.Div. 1986); A. Sam & Sons Produce Co., 217 N.Y.S.2d 275; Columbia Forest Products v. Firestone Plywood Corp., 799 N.Y.S.2d 159 (Sup. Ct. 2004); Lippman Packing Corp., 120 N.Y.S.2d 461). In this case, the plaintiff has failed to produce any evidence that Lehmann personally knew that the checks were being drawn and delivered to the plaintiff, much less that he personally knew the checks were being issued despite the lack of funds to cover them. The evidence shows only that someone in the finance department of Lehmann Meats prepared and issued the checks with a stamp of the defendant's signature and the plaintiff cites to no evidence that the defendant was personally involved in the issuance of the checks. Therefore, this case falls within the basic rule that a corporate officer cannot be personally liable for alleged corporate fraud without the officer's personal involvement.

CONCLUSION

The motion for summary judgment dismissing the remaining count of the Second Amended Complaint is **granted**. The Clerk is directed to close Docket No. 42. The Clerk is directed to enter Judgment dismissing the Second Amended Complaint and closing this case.

**SO ORDERED.**

Dated:   New York, New York
         November 20, 2009

　　　　　　　　　　　　　　　　　　　　　　　John G. Koeltl
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge